# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

AD TAPE AND LABEL CO. INC.,

        Plaintiff,

v.                                     Case No. 08-CV-892

SILVER EAGLE LABS, INC.,

        Defendant.

_____

# PROTECTIVE ORDER

This matter comes before the Court on the parties' Joint Motion for Protective Order. The parties anticipate that a protective order will be required pursuant to Civil L.R. 26.4 to protect the confidentiality of trade secrets or other confidential research, development or commercial information within the meaning of Rule 26(c) and the Federal Rules of Civil Procedure and have filed a Motion for entry of this Protective Order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure and Local Civil L.R. 26.4. This Protective Order is limited to the following materials and topics enumerated in the Motion for Entry of a Protective Order and is further limited in duration to the pretrial disclosure period of this suit:

    (a)    Information concerning the design, development, and/or modifications to Silver Eagle's nasal strips;

    (b)    Information concerning the design, development, and/or modifications on tooling used to manufacture Silver Eagle's nasal strips.

    (c)    Information concerning the parties' respective trade secrets and financial information; and

(d)     Information concerning the parties' respective clients, vendors, suppliers, and customers.

The Court has considered the Motion, and being fully advised in the premises, finds that good cause exists for protection of such materials and information, and that such protection will be in the interest of the parties and public, and the interest of justice.

Accordingly,

**IT IS HEREBY ORDERED** that the terms of this Protective Order shall control the use, dissemination and disposition of all testimony, documents provided, answers to interrogatories, and other discovery responses, or other information which is produced or disclosed and designated as confidential by a party during the discovery and/or trial of this matter (hereinafter referred to as "protected information").

1.      Designation of protected information shall be made by placing or affixing on the document in a manner which will not interfere with its legibility the word "CONFIDENTIAL." Material may be designated as "CONFIDENTIAL" only when the party producing it believes, in good faith, that it contains trade secrets or nonpublic technical, commercial, financial, personal, or business information. The designation of protected information shall be made prior to, or contemporaneously with, the production or disclosure of that information.

2.     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential if designated as such when the deposition is taken.

3.     Information or documents designated as confidential under this order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in paragraph 4 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4.     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except to the following qualified recipients:

(i)     Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this rule requiring that the documents and information be held in confidence.

(ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

(iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this rule.

(iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this rule requiring that the documents and information be held in confidence.

5.    Except as provided in paragraph 4, counsel for the parties shall keep all documents designated as confidential which are received under this rule secure within their exclusive possession and must place such documents in a secure area.

6.    All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this rule, or any portion thereof, must be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

7.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions, or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof must be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this rule may also be made on the envelope.

8.    The designation of confidentiality by a party may be challenged by the opponent or interested member of the public upon motion.  The movant must accompany such a motion with the statement required by Civil L.R. 37.1.  The party prevailing on any such motion must be entitled to recover as motion costs its actual attorneys fees and costs attributable to the motion.

9.     Within thirty (30) days of the conclusion of this litigation, including all appeals therefrom, counsel in possession of documents and electronically stored information which contain or reflect protected information shall destroy all copies of such documents and delete all electronic files containing protected information, and shall upon request certify compliance with this requirement.  Alternatively, and at a party to this litigation's request, all documents and copies of documents subject to this protective order shall be returned to the party making such a request.

10.     Prior to the disclosure of any protected information to any person authorized to receive it pursuant to paragraph 4 above, counsel shall have the person to whom disclosure is proposed, execute an affidavit in the form attached hereto as Exhibit A.  Protected information may only be disclosed to persons other than Qualified Recipients who are or may be witnesses necessary in the preparation of this case for trial, provided, however, that no disclosure to such person shall be made until said person has executed an affidavit in the form attached hereto as Exhibit A.  Counsel receiving protected information shall maintain a complete and current file of said affidavits executed pursuant to paragraphs 4 and 5 above, which file shall be retained following the final termination of the litigation.

11.     Pursuant to Federal Rule of Evidence Rule 502, inadvertent waiver of any document subject to this protective order will not constitute a waiver of any applicable privilege.  Moreover, pursuant to Rule 502(d) and this Order, privilege or protection is not waived by disclosure of information and documents to the opposing

party connected with the litigation pending before this Court; as such, disclosure is also not a waiver in any other Federal or State proceeding.

12.  Nothing contained herein shall constitute a waiver of any ground for objecting to requests for discovery, nor shall the consent of the parties to the terms of this Order be deemed an admission or acknowledgment with respect to the relevance, competence, or admissibility in evidence of any protected information as to any issue in this action.

Dated at Milwaukee, Wisconsin, this 16th day of June, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-6-

# EXHIBIT A

## AFFIDAVIT OF COMPLIANCE WITH PROTECTIVE ORDER

The undersigned, having first been sworn under oath, does hereby affirm as follows:

1. I have on this _____ day of _____, 2009, read the Protective Order entered by the Court in this case.

2. I understand that I am bound by the terms and conditions of that Protective Order and that I may not use or divulge any protected information for any purpose other than as provided in said Order.

3. I understand and acknowledge that in the event I violate any terms or conditions of the Protective Order, I may be subject to punishment and/or censure by said Court for contempt of the Court's Order.

_____

STATE OF _____ )
                        )
COUNTY OF _____ )

I HEREBY CERTIFY that on this ____ day of _____, 2009, before me, a Notary Public for the State of _____, County of _____, personally appeared _____, who made oath in due form of law that she/he executed the foregoing document and that the facts contained are true and correct.

AS WITNESS my hand and Notarial Seal.

_____

My commission:                     Notary Public

_____